```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
- - - - - - - - - - - - - - - - - - -
                                      :
MEMBERS OF THE BEEDE SITE GROUP,      :
                                      :
          Plaintiffs,                 :
                                      :
     v.                               :    C.A. No. 09-370 S
                                      :
FEDERAL HOME LOAN MORTGAGE CORP.,     :
ET AL.,                               :
                                      :
          Defendants.                 :
- - - - - - - - - - - - - - - - - - -
```

In re: Motion to Dismiss Certain Defendants.

## MEMORANDUM AND ORDER

William E. Smith, United States District Judge.

This matter is before the Court on Plaintiffs' Motions to Dismiss Certain Defendants. The Defendants who are the subject of Plaintiffs' Motions include: MSM Petroleum, Inc.; Congdon Auto Center, Inc.; Leonard G. Bono d/b/a T&L Auto Service; Shawsheen Plaza Service Station Inc.; Anthony Rufo d/b/a Tony's Spring Hill Shell; Tony Rufo's, Inc.; Robbins Garage, Inc.; and Charles Daher's Commonwealth Motors, Inc. These eight Defendants have entered appearances in the above-captioned lawsuit, but, since that time, have arrived at negotiated settlements with Plaintiffs. Certain other non-settling Defendants object to their dismissal from the lawsuit. Nonetheless, for the reasons set forth herein, the Court grants Plaintiffs' Motions to Dismiss the eight Defendants named above.

This large-scale CERCLA[1] litigation concerns government-directed environmental clean-up efforts at a superfund site in Plaistow, New Hampshire.  Plaintiffs are members of an association formed in connection with the Beede Waste Oil Superfund Participation Agreement of August 1, 2007.  Plaintiffs have undertaken remediation efforts at the Site and seek contribution and other costs from Defendants, who were allegedly involved in the disposal of hazardous materials at the Site between the 1920s and 1994, when operations ceased.

Fed. R. Civ. P. 41(a) permits a plaintiff to voluntarily dismiss an action before the defendant files an answer or motion for summary judgment.  If the defendant has answered, the action may be dismissed by stipulation of all parties, or by order of the court, "on terms that the court considers proper."  Although the Rule does not set forth specific factors to be considered, courts generally evaluate the legal prejudice to the defendant that would result from dismissal.  <u>Doe v. Urohealth Sys., Inc.</u>, 216 F.3d 157, 163 (1st Cir. 2000).  The New Hampshire District Court has stated: "Where substantial prejudice is lacking, the district court should normally exercise its discretion by granting a motion for voluntary dismissal without prejudice."  <u>Read Corp. v. Bibco Equip. Co.</u>, 145 F.R.D. 288, 290 (D.N.H. 1993).  While noting that "courts need not

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 <u>et seq.</u>

analyze each factor or limit their consideration to these factors," the First Circuit has listed several issues that might be pertinent to the analysis, including: the defendant's effort and expense incurred in preparing for trial; the plaintiff's delay in prosecution; the reasons offered by plaintiff for the dismissal; and whether or not the defendant has filed a motion for summary judgment. Urohealth Sys., 216 F.3d at 160.

In the present case, these suggested factors are not particularly relevant, because the voluntary dismissal of the claims against the eight settling defendants will not result in the dismissal of the claims against the remaining defendants, some of whom have objected. None of the settling defendants objects to the dismissal. The objecting Defendants refused to enter into a Stipulation with Plaintiffs allowing the voluntary dismissal to go forward. However, in their memorandum, Defendants make no objection to the dismissal of claims against the settling defendants beyond their concern that their cooperation would imply their endorsement of the application of a certain methodology for the ongoing apportionment of liability amongst the defendants.

Plaintiffs do indeed discuss valuation methodologies in their memorandum, explaining the advantages of the method established by the Uniform Contribution Among Tortfeasors Act (UCATA) over the approach set forth in the Uniform Comparative Fault Act (UCFA). The objecting Defendants' position is just the opposite. The Court

declines to weigh in on this dispute at this time, until the issue is ripe and both sides have had the opportunity to brief the matter directly.  At this juncture in the litigation, noting that the dismissal of the settling Defendants will impose no legal prejudice to the objecting Defendants, the Court hereby grants Plaintiffs' Motion to Dismiss all claims against the eight settling Defendants, according to the conditions requested by Plaintiffs, as follows:

- MSM Petroleum, Inc. – without prejudice and without costs;
- Congdon Auto Center, Inc. - with prejudice and without costs;
- Leonard G. Bono d/b/a T&L Auto Service – with prejudice and without costs;
- Shawsheen Plaza Service Station Inc. – with prejudice and without costs;
- Anthony Rufo d/b/a Tony's Spring Hill Shell – without prejudice and without costs;
- Tony Rufo's, Inc. – without prejudice and without costs;
- Robbins Garage, Inc. - with prejudice and without costs; and
- Charles Daher's Commonwealth Motors, Inc. – without prejudice and without costs.

In addition, the Court denies Plaintiffs' request to assess costs and attorneys' fees against the objecting Defendants.  No judgment shall enter at this time.

It is so ordered.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: January 3, 2011