UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| MEMBERS OF THE BEEDE SITE GROUP | : | |
| | : | |
| v. | : | C.A. No. 1:09-cv-00370-WES |
| | : | |
| CARGILL, INCORPORATED, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on a Motion to Dismiss (Document No. 576) filed by Defendant Mallinckrodt U.S. LLC ("Mallinckrodt"). Mallinckrodt seeks dismissal of Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Complaint fails to allege facts with sufficient specificity to show that Plaintiffs are entitled to relief against Mallinckrodt. Plaintiffs, members of an unincorporated association organized as the Beede Site Group, filed a timely Objection to the Motion. (Document No. 595).

Mallinckrodt's Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B). After reviewing the pleadings, I recommend that the Motion to Dismiss (Document No. 576) be DENIED.

**Facts**

The Beede Waste Oil Superfund site is located in Plaistow, New Hampshire and is the subject of an environmental cleanup effort overseen by the United States Environmental Protection Agency (the "EPA") and the New Hampshire Department of Environmental Services. The Members of the Beede Site Group entered into the Beede Waste Oil Superfund Site RD/RA Consent Decree

("2006 Consent Decree"), under the terms of which they agreed for purposes of settlement to (1) reimburse the United States of America and the State of New Hampshire for certain past and future governmental "response" costs and "oversight" costs; and (2) perform all further cleanup "work" (as the 2006 Consent Decree defined that term) at the Site at extensive cost.  Plaintiffs sue Mallinckrodt, and many other entities, for cost recovery and contribution under CERCLA and New Hampshire state law.

**Discussion**

    **A.**    **Dismissal Standard**

Mallinckrodt moves for dismissal of Plaintiffs' Second Amended Complaint under Rule 12(b)(6), Fed. R. Civ. P.  Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).  While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss."  Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead,"the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, Nos. 08-2283, 09-1801, 2010 WL 5093220, *4 (1st Cir. Dec. 10, 2010).

**B.    Application**

Plaintiffs' Second Amended Complaint is twenty-nine pages in length and contains over 200 numbered paragraphs.  (Document No. 544).  Because Plaintiffs sue approximately 150 separate Defendants, they necessarily pled their claims in "a short and plain statement" as allowed by Fed. R. Civ. P. 8(a)(2).  If Plaintiffs had pled factual detail as to all 150 Defendants, the Complaint would be unwieldy in length.  However, even assuming Plaintiffs' allegations are factually deficient, Plaintiffs detail their legal theory of successor liability as to Mallinckrodt and the present factual basis for such theory in their Opposition (Document No. 595-1) and Sur-Reply (Document No. 619). Thus, even if the Second Amended Complaint was not sufficient to put Mallinckrodt on notice as to Plaintiffs' claims against it, the further detail provided by Plaintiffs in the briefing is sufficient to do so and is akin to providing a more definite statement pursuant to Fed. R. Civ. P. 12(e). Mallinckrodt can also obtain further detail in discovery.[1]

**Conclusion**

For the reasons discussed above, I recommend that Mallinckrodt's Motion to Dismiss (Document No. 576) be DENIED.  Any objection to this Report and Recommendation must be

---

[1] The Court has also been overseeing mediations of many of these claims and observes that Plaintiffs have generally been open with Defendants about the factual basis, including manifests and driver logs, for their contribution/cost recovery claims.

specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 14, 2011