UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MEMBERS OF THE BEEDE SITE  :
GROUP                                                    :
                                                                  :
        v.                                          :    C.A. No. 1:09-cv-00370-WES
                                                                  :
COVANTA HAVERHILL, INC.           :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

      This matter is presently before the Court on a Motion to Dismiss (Document No. 599) filed by Defendant Covanta Haverhill, Inc. ("Covanta"). Covanta seeks dismissal of Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), in part, on the grounds that the Complaint fails to allege facts with sufficient specificity to show that Plaintiffs are entitled to relief against Covanta. Covanta also challenges the legal viability of Plaintiff's claims. Plaintiffs, members of an unincorporated association organized as the Beede Site Group, filed a timely Objection to the Motion. (Document No. 606).

      Covanta's Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B). After reviewing the pleadings, I recommend that the Motion to Dismiss (Document No. 599) be DENIED.

**Facts**

      The Beede Waste Oil Superfund site is located in Plaistow, New Hampshire and is the subject of an environmental cleanup effort overseen by the United States Environmental Protection Agency (the "EPA") and the New Hampshire Department of Environmental Services.

The Members of the Beede Site Group entered into the Beede Waste Oil Superfund Site RD/RA Consent Decree ("2006 Consent Decree"), under the terms of which they agreed for purposes of settlement to (1) reimburse the United States of America and the State of New Hampshire for certain past and future governmental "response" costs and "oversight" costs; and (2) perform all further cleanup "work" (as the 2006 Consent Decree defined that term) at the Site at extensive cost. Plaintiffs sue Covanta, and many other entities, for cost recovery and contribution under CERCLA and New Hampshire state law.

**Discussion**

**A.     Dismissal Standard**

Covanta moves for dismissal of Plaintiffs' Second Amended Complaint under Rule 12(b)(6), Fed. R. Civ. P.[1]  Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).  While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently

---

[1] Covanta also moves under Fed. R. Civ. P. 12(f) which provides that the Court may strike any redundant, immaterial, impertinent, or scandalous matter from a pleading.  Since such motions are generally "viewed with disfavor" and "infrequently granted," Ligeri v. State of R.I., No. 07-207ML, 2007 WL 3072061 at *4 (D.R.I. Oct. 19, 2007), and Covanta fails to address Rule 12(f) and the applicable legal standard in its briefing, I recommend that Covanta's alternative Motion to Strike under Rule 12(f) be DENIED as abandoned.

precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead,"the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, Nos. 08-2283, 09-1801, 2010 WL 5093220, *4 (1st Cir. Dec. 10, 2010).

**B.     Application**

Plaintiffs' Second Amended Complaint is twenty-nine pages in length and contains over 200 numbered paragraphs. (Document No. 544). Because Plaintiffs sue approximately 150 separate Defendants, they necessarily pled their claims in "a short and plain statement" as allowed by Fed. R. Civ. P. 8(a)(2). If Plaintiffs had pled factual detail as to all 150 Defendants, the Complaint would be unwieldy in length. However, even assuming Plaintiffs' allegations are factually deficient, Plaintiffs detail their legal theory of successor liability as to Covanta and the present factual basis for such theory in their Opposition (Document No. 606-1 to 10) and to a lesser degree in their Sur-Reply (Document No. 629). Thus, even if the Second Amended Complaint was not sufficient to put Covanta on notice as to Plaintiffs' claims against it, the

further detail provided by Plaintiffs in the briefing is sufficient to do so and is akin to providing a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Covanta can also obtain further detail in discovery.[2]

Covanta also raises other legal defenses to the claims in Plaintiffs' Second Amended Complaint.  However, in their briefing, both sides refer to matters outside the pleadings in support of their arguments.  Ordinarily, a Court may not consider any documents or other evidence or factual assertions outside of the four corners of the Complaint in ruling on a motion under Rule 12(b)(6) unless the motion is converted to one for summary judgment pursuant to Rule 12(d).  See Barkan v. Dunkin' Donuts, 520 F. Supp. 2d 333, 335-336 (D.R.I. 2007).  Here, Covanta argues that it is immune from suit by virtue of the fact that it is a party to the 2006 Consent Decree.  Plaintiffs counter that the 2006 Consent Decree covers only Covanta's direct liability for waste volumes it directly generated and arranged for disposal at Beede and that Covanta is being sued in this case for the separate and distinct liability of another entity to which it allegedly succeeded.  They also go beyond the 2006 Consent Decree and refer to a 2007 "Cash-Out" Agreement which is not referenced in the Complaint or part of the Court record.  The record presently before the Court on these issues is thin and raises more questions than it answers as to the relationship between Covanta and its alleged predecessor in liability and the interplay between the 2006 Consent Decree and the 2007 "Cash-Out" Agreement. Further, since both sides go beyond the face of the Second Amended Complaint in arguing their positions, the

---

[2] The Court has also been overseeing mediations of many of these claims and observes that Plaintiffs have generally been open with Defendants about the factual basis, including manifests and driver logs, for their contribution/cost recovery claims.

matter is not appropriately resolved under Rule 12(b)(6).  Finally, since this case is in the early stages of discovery, this Motion is not appropriate for conversion to one for summary judgment pursuant to Rule 12(d), and I do not recommend that the District Court convert under Rule 12(d).

**Conclusion**

For the reasons discussed above, I recommend that Covanta's Motion to Dismiss (Document No. 599) be DENIED with prejudice as to Covanta's claims as to the factual specificity of the Second Amended Complaint but without prejudice as to its other legal challenges including the claim that the 2006 Consent Decree protects Covanta from liability for the claims made in this suit.  I also recommend that Covanta's Motion to Strike be DENIED as abandoned.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 21, 2011