UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MEMBERS OF THE BEEDE SITE GROUP | : : : |
| v. | : C.A. No. 09-370S |
| FEDERAL HOME LOAN MORTGAGE CORP., et al. | : : : |

**MEMORANDUM AND ORDER**

Pursuant to Fed. R. Civ. P. 54(b) and 55(b)(2), Plaintiffs move for the Entry of Final Judgment of Default and Assessment of Damages against approximately seventy Defaulted Defendants. (Document No. 524). In particular, Plaintiffs request that the Court enter Final Default Judgment against these Defendants for joint and several damages in the amount of $48,170,000.00 plus interest at the legal rate until such judgment is satisfied. (Document No. 524-1).

Under Fed. R. Civ. P. 54(b), when multiple parties are involved in a case, "the court may direct entry of a final judgment as to one or more, but fewer than all,...parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) is permissive by its terms and "the determination of whether there is no just reason to delay entry of a final judgment is a matter committed to the sound discretion of the district court." L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 86 (2nd Cir. 1998). Further, Rule 54(b) certifications "should neither be granted routinely nor as an accommodation to counsel." Guerrero v. J.W. Hutton, Inc., 458 F.3d 830, 833 (8th Cir. 2006). See also Gonzalez Figueroa v. J.C.Penney Puerto Rico, Inc., 568 F.3d 313, 318 n.3 (1st Cir. 2009) ("Rule 54(b) should be employed with great circumspection" since "piecemeal appeals are disfavored").

Here, Plaintiffs have not shown any truly exceptional circumstances warranting the entry of an immediately appealable final judgment as to some but not all Defendants in this complex environmental case. Thus, the Court is unable to "expressly determine that there is no just reason for delay." In addition to the policy disfavoring piecemeal adjudication, Plaintiffs are asking the Court to assess joint and several liability against these Defaulted Defendants (many of whom are individuals and small business owners) in the amount of $48,170,000.00. The Court is uncomfortable taking this extraordinary step and assessing such substantial damages without the benefit of trial and a full record. See Fed. R. Civ. P. 55(b)(2)(B). Plaintiffs' damages request is supported solely by preliminary cost "estimates" for remediation made by its consulting expert. (Document Nos. 524-5 and 524-6). At the time of trial, these estimates may be revised or contradicted by a consulting expert(s) of the non-Defaulted Defendants.

Moreover, there is a risk of inconsistent judgments on the same cost recovery claim. If the Court enters final judgment at this time against the Defaulted Defendants in the amount requested by Plaintiffs, it would seem unlikely that the finder of fact, if liability was found, would assess that exact same amount of damages against the non-Defaulted Defendants after a full trial. Plaintiffs do not address this potential inconsistency. See Gatchell v. Legend Sports, Inc., No. 98-272-P-H, 1999 WL 33117091 at *8 (D. Me. April 20, 1999) ("when the defaulted defendant is alleged to be jointly liable with one or more defendants who have appeared, judgment should not be entered against the defaulted defendant until the matter has been adjudicated with regard to all defendants") (citing Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)); and Travelers Cas & Sur. Co. of Am. v. Richard E. Gash Elec. Co., No. 08-cv-00813-PAB-KLM, 2009 WL 508165 at *3 (D. Colo.

Feb. 27, 2009) ("The rationale underlying this rule is the avoidance of the problem of inconsistent liability determinations against joint defendants.").

Finally, Plaintiffs contend that an interim entry of Final Default Judgment is warranted because the Defaulted Defendants may, over time, dissipate their assets or pursue bankruptcy which could frustrate collection efforts. Those risks are inherent in every litigation and, other than anecdotal evidence, Plaintiffs have not shown that this is an imminent risk as to all or a significant number of the large group of Defaulted Defendants. Further, if these risks were imminent as to one or more particular Defaulted Defendants, the proper course would appear to be for Plaintiffs to seek appropriate prejudgment relief as to such Defaulted Defendant(s) rather than the entry of Final Judgment and an Assessment of Joint and Several Damages approaching $50 million as to all of the Defaulted Defendants without the benefit of a trial.

For the foregoing reasons, Plaintiff's Motion for Entry of Final Judgment of Default and Assessment of Damages (Document No. 524) is DENIED.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 2, 2012